## MAXIMINO MARRERO SANTANA

### *v.*

## MARQUEZ & COMPANY.

---

San Juan, Law, No. 403.

1. Defendants having, within plaintiff's knowledge, been in actual exclusive pedal possession of the land in controversy for more than ten years, under a conveyance valid in form, and plaintiff having resided in Porto Rico during all of said time, his action to recover the land is barred.

2. In such actions plaintiffs must recover on the strength of their own title or not at all.

Opinion filed October 10, 1908.

---

*Mr. Frank Antonsanti,* attorney for the plaintiff.

*Messrs. C. Coll y Cuchi, F. H. Dexter* and *Felipe Cuchi,* attorneys for the defendant company.

RODEY, Judge, delivered the following opinion:

This suit was filed August 10, 1906. It is a plain suit in

ejectment for the recovery of 73½ cuerdas of land situated in the barrio of Mameyes Arriba, near Utuado, in Porto Rico. An important ruling holding against the citizenship of partnerships, as such, for purposes of jurisdiction in this court, was made in the cause on December 6, 1906 (2 Porto Rico Fed. Rep. 271).

Issue being duly joined, a trial was had before a jury on April 24, 25, 1907, but, no verdict being reached, the jury had to be discharged. Thereupon, the parties, by stipulation, submitted the cause to the court itself, to be tried without the intervention of a jury, on the evidence already in, which was thereafter transcribed by the stenographer, and on the exhibits introduced.

For two or three days last past we have carefully examined the testimony, and the deeds, maps, and other exhibits, and have gone over the memorandum briefs of the counsel with care.

The plaintiff is an old man, more than eighty years of age. He bought the property in question, as he claims, some twenty-nine years ago, on December 23, 1879, from one Gregorio Olivera. The deed purported to convey to him 110 cuerdas of land. He did not record this deed for some fourteen years, or until March 17, 1893. It now transpires that eleven days before this deed was made to the old man by Gregorio Olivera, a party by the name of Juan Olivera had sold a tract of a hundred cuerdas by a rather poor description to another party, through whom defendants here claim. From all we can gather from the testimony, the land mentioned in these two chains of title is practically identical. Defendants' deed was recorded September 19, 1889, some four or five years before plaintiff's.

It clearly appears from the evidence that when this old man, the plaintiff, bought this land, he took actual possession of but

Santana v. Marquez & Co.

a small portion of it, and, by himself and his agents, kept that possession, amounting to 36 or 37 cuerdas, until he sold it some years since in two lots of 32½ and 4½ cuerdas. It further appears beyond dispute from the evidence that the old man, shortly after buying the land, left that vicinity, and went several miles away, and remained away for many years, save that he returned occasionally to the piece of which he was really in possession. It further appears conclusively that through all, or nearly all, the years, the remaining 73 or 75 cuerdas of the land was in possession of the defendants or their predecessors in interest, and that the plaintiff here never had any actual or exclusive possession of that portion of it. It further appears that several surveys were made of the portion in dispute by defendants and their predecessors in interest, with the knowledge of plaintiff, and it is beyond question that defendants and those claiming before them had actual possession of the portion they are now claiming, for at least twenty years last past, and that they exercised all sorts of acts of ownership over it.

Without going into the details of the evidence, which is complicated and voluminous, we have no hesitation in finding, and do find, that plaintiff is estopped by his own acts, if he ever had any title to the land in controversy. That he sat around for nearly thirty years and did nothing to assert his title in the face of this manifest adverse claim and possession of others.

We therefore hold that he was present in Porto Rico, and that the ten-year statute of limitation bars his right if he ever had any. We further hold that he has failed to satisfy the court that he ought to recover upon the strength of his own title, and we are therefore of the opinion that the verdict and judgment should be for the defendants, but without costs, and it is so ordered.